## Case No. 2,194a.

BURR v. The ST. THOMAS.

[18 Betts, D. C. MS. 1.]

District Court, S. D. New York. Jan. 9, 1851.

DISAGREEMENT BETWEEN MOIETY OWNERS—
AWARDING POSSESSION—SALE.

[1. Where moiety owners of a vessel cannot agree as to her control and employment, on application therefor, the court should decree a sale and division of the proceeds. The Seneca, Case No. 12,670, followed.]

[2. A motion founded on affidavits made by the half owners in possession for leave to retain and employ the vessel, upon giving security for one-half her value, will not be considered, on the application for sale, where no answer has been filed.]

In admiralty. The libel was filed by [Jonathan S. Burr and others] moiety owners seeking a sale of the ship [St. Thomas] because [Elwell and others] the other half owners in possession were about to employ her against the consent of the libellants. The claimants move the court for leave to load the vessel, giving security for one-half her value. This is opposed by the libellants. [Denied, with leave to renew after answer.]

## Case No. 2,195.

BURR v. The ST. THOMAS.

[18 Betts, D. C. MS. 9; 8 Leg. Int. 22.][1]

District Court, S. D. New York. Jan. 27, 1851.

DISAGREEMENT BETWEEN MOIETY OWNERS—
AWARDING POSSESSION—SECURITY.

[On an application by moiety owners out of possession for the sale of a vessel and division of the proceeds on the ground of disagreement as to her employment, where claimant's deny libellants' equal half ownership or the alleged disagreement, but, on the contrary, assert that libellants assented to the employment, the question of sale will be left to abide a hearing and decisions upon the merits or until it appears that claimants' possession will be detrimental to libellants, and the claimants will be allowed to retain possession upon giving security for the half value of the vessel, and also for all compensation which the court may award libellants

[1] [8 Leg. Int. 22, contains only a partial report.]

for the use of their half interest, while the vessel is exclusively in possession of claimants.]

[In admiralty. Libel by Jonathan S. Burr and others, moiety owners of the ship St. Thomas, for a sale of the vessel and division of the proceeds. Elwell and others, claimants, move to be allowed to retain possession upon giving security to libellants. Motion granted.

[For the former disposition of a similar motion, see Burr v. The St. Thomas, Case No. 2,194a, next preceding.]

BETTS, District Judge. The motion heretofore made by the claimants to bail the ship and allow her to be dispatched on a contemplated voyage was denied upon the ground that the libellants were, as moiety owners, dissenting from her employment by the claimants and seeking a sale of her. The motion stood over for the answer of the claimants. On filing their answer the motion is renewed on their part, and is resisted by the libellants, on the argument that the relation between the parties is not changed by the answer. It is strenuously urged for the claimants that the authority to sell a vessel should not be granted at the instance of one half owner against the wishes of the other, unless there appears a manifest equity upon a view of all the circumstances of the case, that the common title should be dissolved, and the value of the property be distributed between the cotenants. The present case does not assume a character demanding of the court a declaration of the limits of its authority in this respect, or under what restrictions or guarantees it should be exercised. The principle upon which the jurisdiction is exercised is that the use of the property of an equal owner cannot upon any consideration of legal equity or right, upon the mere fact of a common and equal ownership, be taken from him, and be placed entirely under the control of his co-owner.

The step which the court has always been ready to take in the emergency of a disagreement between the joint owners of ships in their common use, to compel the one holding possession to give ample security that his employment of her shall not hazard the loss of the property to her co-owner, was but a prelude to the equally plain equity now enforced in the American courts of admiralty, which in such cases gives the party out of possession an immediate right to the use of his capital, a right oftentimes of no less moment to him than a security for its ultimate safety. In respect to ships, the policy of the law which encourages their employment in the business of navigation and trade, guards with like solicitude every advantage the ship owner may derive from putting his capital to that use. But if the moiety owner out of possession is obliged to let the ship be used by his co-owner solely on a guaranty that it shall be on his half interest and be repaid him, it is manifest

that the encouragement to invest capital in that manner is measurably taken away, and that a flagrant injustice may be done in thus giving to the casual possessor of the property the entire enjoyment of its value.

As, in the case of co-tenants or co-partners in personal assets, all well regulated systems of jurisprudence provide a means by which the several interests in that tenancy in common may be secured, and each owner, by action of trover, or otherwise, at law obtain compensation for his share (2 Kent, Comm. 351, notes), or may withdraw his capital from the joint investment by a partition of property, or, when that is impracticable, or not to their mutual benefit compel a sale of it (1 Story, Eq. Jur. § 673; Story, Partn. §§ 285, 290), so, in the case of ships, the American courts administer the same relief as the only one appropriate to the condition of the parties and their interests (Abb. Shipp. 132, note 1, by Perkins). The fundamental facts to be ascertained, however, are equality of interests and the disagreement of the parties as to the employment of their vessel. To that end the answer was required in this case, that it might be determined by the pleadings or the proofs upon any issue they should raise, whether these particulars attended this case. The pleadings are not very distinct on these points. The libel might have been more full and explicit on both particulars, but its bearing seems to have been well understood by the claimants, who assume to answer on these two cardinal heads. In doing so, however, the answer fails to make a distinct and positive issue, but reaches it rather by a series of statements, which may, however, I think be properly enough competent on a denial of those allegations in the libel. The libellants so treated this answer by filing a replication to it. I accept the answer, then, as intending to aver that the libellants are not equal half owners of the ship, and that the use the claimants propose putting her to is one to which they have not disagreed, but, on the contrary, have fully assented, if they can be regarded as moiety owners.

These issues lie at the foundation of the equity the court is called upon to exercise in this form of action, and the question of sale of the ship must accordingly abide the decision to be made on those points, when the case is heard upon the merits. In the meantime the vessel ought not to be kept idle, nor should she be detained in custody of the court at ruinous expense to the parties. The claimants, being in possession, are entitled to retain that possession until the final decision of the case, or until it be shown the court such possession will be detrimental to the property and the safety of the libellant's interest in it. The motion of the claimants to bond the ship at one half her value cannot be allowed. They have the benefit of her full value in her employment, and, if the case is ultimately determined adversely to their

answer, the libellants are entitled to the return of their capital. together with its current value for the time. The bond to be given must therefore be large enough to cover the half value of the ship, and all compensation the court may award the libellants for the use of that half of their interest during the time it is in the exclusive possession of the claimants. If the parties cannot agree upon the amount of the surety, the court will order an appraisement of the ship, and fix the sum, in addition to her half value, which the bond shall cover.

NOTE [from original report]. See The Onyx [Case No. 10,544].